(No. 3536—

ESTHER VANDERAA KNICKREHM, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 9, 1943.*

SAMUEL H. SHAPIRO, for claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN AND GLENN A. TREVOR, Assistants Attorney General, for respondent.

FISHER, J.

This claim was filed October 24, 1940, and the record of the case completed June 10, 1943.

Claimant alleges that she was employed by respondent at the Manteno State Hospital, Manteno, Illinois, in a clerical capacity and that during the course and out of her employment on the 8th day of September, 1939, she contracted typhoid fever and as a result of such illness claimant became incapacitated and incurred various obligations for medical services for which she asks to be reimbursed and also for compensation under the Workmen's Compensation Act. Claimant was 22 years of age, married and had no children under the age of 16 years at the time of her illness.

The record consists of complaint, stipulation, transcript of testimony on behalf of claimant, waiver of statement, brief and argument by claimant and respondent.

It has heretofore been stipulated in this court that a typhoid fever epidemic existed at the Manteno State Hospital during the month of August, 1939, and after discussing this subject in detail, at the September, 1943, term of this court, in the case of *Mary Ade, Claimant,* vs. *Respondent,* No. 3429, we decided that typhoid fever contracted under such circumstances as existed at the Manteno State Hospital was compensable under the Workmen's Compensation Act.

It is stipulated herein that claimant became ill from typhoid fever on the 8th day of September, 1939, and returned to work on the 3rd day of January, 1940. She was paid $209.18 during the period of her illness which was for unproductive time. Her salary was $60.60 per month. Claimant is entitled to compensation during the period of her illness of 16 3/7 weeks at $8.25 per week or $135.54. She was paid during her illness for unproductive time the sum of $209.18 which must be deducted from any amount found to be due claimant. She was

overpaid for temporary total disability the sum of $73.64.

Claimant seeks reimbursement for doctor bills in the sum of $201.50, nursing services in the sum of $150.00, food in the sum of $24.00 and medicines in the sum of $18.00.

The record shows that claimant elected to obtain the services of her own physician and having so elected she cannot be reimbursed for his charges (Section 8, Workmen's Compensation Act). Respondent furnished hospitalization, food and necessary medical supplies. There is no showing in the record that claimant was compelled to obtain additional food and medicines. The claim for charges therefore cannot be allowed.

Claimant alleges that she expended the sum of $150.00 for nursing services and while the proof of the necessity of such services is meager claimant's husband testified that there were 40 employees that had typhoid fever at that time; that there was no nurse available to care for claimant; and that there was a shortage of help at the institution. Under such circumstances we believe claimant is entitled to reimbursement for the charges incurred for nursing services.

Claimant is therefore entitled to an award for $150.00 for charges incurred for nursing services less the sum of $73.64 which claimant was overpaid for temporary disability leaving a balance due claimant in the sum of $76.36.

An award is therefore entered in favor of claimant, Esther Vanderaa Knickrehm, in the sum of $76.36.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."